UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:07-cr-00171-SEB-MJD |
| | ) | |
| THOMAS SMITH, III, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable David F. Hamilton on April 15, 2008, directing the magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on April 15, 2008, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§3401(i) and 3583(e).  All proceedings were held on February 25, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 25, 2013, defendant Thomas Smith, III appeared in person with his appointed counsel, Joseph M. Cleary.  The government appeared by Nicholas Surmacz, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Patrick Jarosh, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

---

[1]    All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C.  § 3401(e).

      1.      The court advised Mr. Smith of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Smith questions to ensure that he had the ability to understand the proceedings and his rights.

      2.      A copy of the Petition was provided to Mr. Smith and his counsel, who informed the court they had reviewed the Petition and that Mr. Smith understood the violations alleged.  Mr. Smith waived further reading of the Petition.

      3.      The court advised Mr. Smith of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Smith was advised of the rights he would have at a preliminary hearing.  Mr. Smith stated that he wished to waive his right to a preliminary hearing.

      4.      Mr. Smith stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Mills executed a written waiver of the preliminary hearing, which the court accepted.

      5.      The court advised Mr. Smith of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

      6.      Mr. Smith, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"While on supervised release, the defendant shall not commit another federal, state or controlled substance."* |

  According to a police report from the Indianapolis Metropolitan Police Department, on April 8, 2008, the offender was in possession of an amount of cocaine and an Interarms 9mm handgun during a traffic stop in Indianapolis, Indiana. During the stop, the offender reached towards his waistband, which the officer observed as having a large bulge. The officer was able to determine that the large bulge was actually a handgun. The officer reached into the vehicle and pulled the handgun from the offender's waistband. The offender was then removed from the vehicle and handcuffed. A fist sized plastic bag on the driver's side of the vehicle was also recovered which contained numerous individually wrapped amounts of crack cocaine. The offender has been charged with Dealing in Cocaine, a Class A felony, Possession of a Firearm by a Serious Violent Felon, a Class B felony, two counts of Possession of Cocaine, a Class C felony, and two counts of Carrying a Handgun Without a License, a Class C felony and a Class A misdemeanor under cause number 49-G20-0804-FA-076703. He is currently being held without bond in the Marion County Jail.

7. The court placed Mr. Smith under oath and directly inquired of Mr. Smith whether he admitted the violation of his supervised release as set forth above. Mr. Smith admitted the above violation. The government moved to dismiss specifications numbered 2, 3, and 4 in the Petition, and the court dismissed those specifications of violation.

8. Counsel for the parties and the USPO further stipulated to the following:

  a) Mr. Smith has a relevant criminal history category of I (U.S.S.G. § 7B1.4(a)).

  b) The most serious grade of violation committed by Mr. Smith constitutes a Grade A violation (U.S.S.G. § 7B1.1(b)).

  c) According to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Smith is 24-30 months.

  d) The appropriate disposition of the case would be: (a) that Mr. Smith's supervised release should be revoked; and (b) that Mr. Smith should be sentenced to a term of imprisonment of 27 months with no supervised release to follow.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, THOMAS SMITH III, violated the above-specified condition number 1 in the Petition and that the disposition to which the parties and the USPO have agreed is appropriate. The defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 27 months, with no supervised release to follow.

The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C). Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Smith's supervised release and imposing a sentence of imprisonment of 27 months in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED.

Date: 03/05/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

-5-

Distribution:

Joe H. Vaughn
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Joseph M. Cleary
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

United States Probation Office

United States Marshal